UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JONATHAN DELEON,

                Plaintiff,

-against-

SERGEANT JOHNSON; SERGEANT CLARK, C.O. BELL; C.O. J. PAGAN; C.O. R. KRIESCHER; SUPERINTENDENT MILLER; C.O. RODRIGUEZ; C.O. PHIL,

                Defendants.

24-CV-8101 (KMK)

ORDER OF SERVICE

KENNETH M. KARAS, United States District Judge:

Plaintiff, who currently is incarcerated at Clinton Correctional Facility and proceeding pro se, brings this Action under 42 U.S.C. § 1983, asserting claims for deliberate indifference to a risk of serious harm, in violation of the Eighth Amendment. In addition to the Complaint, (Dkt. No. 1), which asserts claims arising from an assault at Green Haven Correctional Facility on June 9, 2024, Plaintiff brings a supplemental pleading, (Dkt. No. 6), asserting claims arising from an assault on October 31, 2024, at Clinton Correctional Facility. The Court treats these pleadings together as the Operative Complaint. *See* Fed. R. Civ. P. 15(d).

By order dated December 19, 2024, the Court granted Plaintiff's request to proceed in forma pauperis ("IFP"), that is, without prepayment of fees.[1]

### DISCUSSION

**A.    Service on Named Defendants**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to assistance from the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119,

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed in forma pauperis. *See* 28 U.S.C. § 1915(b)(1).

123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendants Superintendent Miller, Sergeant Johnson, Sergeant Clark, C.O. Bell, C.O. J. Pagan, C.O. R. Kriescher, C.O. Rodriguez, and C.O. Phil through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each Defendant. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**B.      Automatic Discovery**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of

---

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

service of the complaint, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[3]

## CONCLUSION

The Court deems the Complaint, (Dkt. No. 1), and the Supplemental Complaint, (Dkt. No. 6), together as the Operative Complaint. *See* Fed. R. Civ. P. 15(d). The Clerk of Court is directed to: (1) mail an information package to Plaintiff; (2) issue summonses for Defendants Superintendent Miller, Sergeant Johnson, Sergeant Clark, C.O. Bell, C.O. J. Pagan, C.O. R. Kriescher, C.O. Rodriguez, and C.O. Phil, complete the USM-285 form with the address for each Defendant,; and (3) deliver to the U.S. Marshals Service all documents necessary to effect service.

Local Civil Rule 33.2 applies to this action.

SO ORDERED.

Dated: January 6, 2025
White Plains, New York

KENNETH M. KARAS
United States District Judge

---

[3] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

**SERVICE ADDRESS FOR EACH DEFENDANT**

1. Superintendent Miller
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582

2. Sergeant Johnson
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582

3. Sergeant Clark
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582

4. Correction Officer Bell
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582

5. Correction Officer J. Pagan
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582

6. Correction Officer R. Kriescher
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582

7. Correction Officer Rodriguez
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582

8. Correction Officer Phil
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582