UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JONATHAN DELEON,

                      Plaintiff,

    v.

SERGEANT JOHNSON, *et al.*,

                      Defendants.

No. 24-CV-8101 (KMK)

ORDER

---

KENNETH M. KARAS, United States District Judge:

Pro se Plaintiff Jonathan DeLeon ("Plaintiff") brings this Action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his rights under the Eighth Amendment by failing to protect Plaintiff from physical and verbal abuse by corrections officers and other inmates. (*See* Compl. 3–5 (Dkt. No. 1).)[1]  Plaintiff is proceeding in forma pauperis ("IFP"). (*See* Dkt. No. 9.)[2] Now before the Court is Plaintiff's Application for the Appointment of Pro Bono Counsel. (*See* Pl's Application for Appointment of Counsel ("Application") (Dkt. No. 13).)  For the following reasons, Plaintiff's request is denied.

Although there is not a constitutional right to counsel in civil cases, the Court has the authority to appoint counsel for indigent parties. See 28 U.S.C. § 1915(e)(1). "Broad discretion

---

[1] Unless otherwise noted, the Court cites to the ECF-stamped page number in the upper-right corner of each page.

[2] Also before the Court is Plaintiff's Motion to Proceed IFP, filed March 3, 2025. (*See* Dkt. No. 21.)  However, on December 19, 2024, Chief Judge Swain granted Plaintiff's previous application to proceed IFP. (*See* Dkt. Nos. 5, 9), thus rendering the instant IFP Motion superfluous.

lies with the district judge in deciding whether to appoint counsel pursuant to this provision." *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986).

When analyzing whether appointment of counsel is appropriate, the Court should undertake a two-step inquiry. *See Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 203–04 (2d Cir. 2003). First, the Court "'should . . . determine whether the indigent's position seems likely to be of substance.'" *Id.* at 203 (quoting *Hodge*, 802 F.2d at 61); *see also Johnston v. Maha*, 606 F.3d 39, 41 (2d Cir. 2010) ("This Court considers motions for appointment of counsel by asking first whether the claimant has met a threshold showing of some likelihood of merit." (internal quotation marks omitted)). In other words, the claim must not be so "highly dubious" that the plaintiff appears to have no chance of success. *Hodge*, 802 F.2d at 60 (internal quotation marks omitted). In making this determination, the Court construes pleadings drafted by pro se litigants liberally and interprets them "to raise the strongest arguments that they suggest." *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis omitted); *Sommersett v. City of New York,* 679 F. Supp. 2d 468, 472 (S.D.N.Y. 2010).

If the threshold requirement is met, the Court should then proceed to consider other prudential factors such as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented [to the fact finder], the indigent's ability to present the case, the complexity of the legal issues and any special reason . . . why appointment of counsel would be more likely to lead to a just determination.

*Ferrelli*, 323 F.3d at 203–04 (quoting *Hodge*, 802 F.2d at 61–62); *see also Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989) (listing factors courts should consider, including the litigant's efforts to obtain counsel).

"Additionally, the Second Circuit has interpreted [28 U.S.C. § 1915(e)(1)] to require that the plaintiff be unable to obtain counsel 'before appointment will even be considered.'" *Morris*

*v. Moran*, No. 12-CV-7020, 2014 WL 1053658, at *1 (S.D.N.Y. Mar. 14, 2014) (quoting *Hodge*, 802 F.2d at 61); *see also Justice v. Kuhnapfel*, 982 F. Supp. 2d 233, 235 (E.D.N.Y. 2013) ("A plaintiff requesting appointment of counsel must show that she is unable to obtain counsel before appointment will even be considered." (internal quotation marks omitted)); *Williams v. Nicholson*, No. 12-CV-8300, 2013 WL 1800215, at *2 (S.D.N.Y. Apr. 22, 2013) ("Where, in a civil action, an applicant fails to make any effort to engage counsel, appointing counsel for the applicant is not appropriate and should not even be considered . . . .").

As an initial matter, Plaintiff provides limited evidence that he attempted to obtain counsel, alleging only that he "wrote" an unidentified law firm about his "injury and [the] correction officer actions and filled out a questionnaire and ha[s] not heard from them." (App. 1.) But "[i]n order to meet the requirements of § 1915(e)(1), Plaintiff must allege that he 'is *unable* to retain counsel' and has 'exhausted [his] search.'" *Franquet v. Martuscello*, No. 25-CV-3585, 2025 WL 1808975, at *3 (S.D.N.Y. July 1, 2025) (quoting *Rosa v. Pathstone Corp.*, No. 23-CV-1071, 2023 WL 8778236, at *2 (S.D.N.Y. Dec. 19, 2023)); *see also Miranda v. City of New York*, No. 14-CV-210, 2016 WL 1317952, at *2 (S.D.N.Y. Apr. 1, 2016) (noting that a minimal effort to search for counsel and having legal requests denied by attorneys is insufficient under *Hodge*). Plaintiff has not alleged he has exhausted his search by, for instance, "consulting with attorneys who may be interested in taking [his] case on a contingency basis," *see Rosa*, 2023 WL 8778236, at *2, or "reach[ing] out to legal clinics or other non-profit organizations that could pursue Plaintiff's case pro bono," *Lucien v. Williams*, No. 20-CV-8020, 2022 WL 1451530, at *2 (S.D.N.Y. May 9, 2022). Thus, as Plaintiff "has not demonstrated that [he] is unable to retain counsel," the Application must be denied. *Rosa*, 2023 WL 8778236, at *2; *see also Franquet*, 2025 WL 1808975, at *3 (denying an application for pro bono counsel because

3

plaintiff's search was "not exhausted" (quoting *Lucien*, 2022 WL 1451530, at *2)); *Mescall v. Whittingham*, No. 25-CV-2175, 2025 WL 1860287, at *2 (S.D.N.Y. July 7, 2025) (same).

Moreover, even apart from Plaintiff's failure to demonstrate he is unable to retain counsel—and even assuming Plaintiff's allegations have "some likelihood of merit," as *Hodge* requires, *Johnston*, 606 F.3d at 41—the Court finds the prudential *Hodge* factors weigh against granting the Application, *see Culbreth v. Orange Cnty. Jail*, No. 24-CV-75, 2024 WL 1178850, at *1 (S.D.N.Y. Mar. 19, 2024) (assuming for the purpose of an application for pro bono counsel that plaintiff's claims had "some likelihood of merit" and proceeding to analyze prudential concerns); *Gayot v. New York*, No. 16-CV-8871, 2023 WL 6199226, at *3 (S.D.N.Y. Sept. 22, 2023) (same).

First, Plaintiff's claims are based on retellings of events that occurred in his presence, and thus do not "appear to require outside investigation." *Fraquet*, 2025 WL 1808975, at *3 (quoting *Person v. Ercole*, No. 08-CV-7532, 2009 WL 855758, at *2 (S.D.N.Y. Mar. 26, 2009)). Thus, "Plaintiff's personal involvement in the alleged events weigh against requesting pro bono counsel," *Herbert v. Sanfeliz, et al.*, No. 22-CV-4299, 2025 WL 1868033, at *2 (S.D.N.Y. July 7, 2025), as Plaintiff has "intimate knowledge of the facts and circumstances giving rise to his claim, and counsel will likely not assist in further fact-finding and investigation," *Rodriguez v. Palmer*, No. 21-CV-8078, 2024 WL 3014108, at *2 (S.D.N.Y. June 13, 2024) (internal quotation marks omitted)); *see also Artis v. Phelps Mem'l Hosp. Ass'n*, No. 23-CV-9827, 2024 WL 1307223, at *2 (S.D.N.Y. Mar. 27, 2024) (declining to appoint counsel where plaintiff failed to demonstrate that appointment of counsel was necessary to investigate any relevant factual allegations).

Second, Plaintiff fails to demonstrate why his Eighth Amendment claims are so complex as to require counsel. On the contrary, his claims "are not so complex or unique that a person of Plaintiff's intelligence would be unable to handle them at this stage." *Rodriguez*, 2024 WL 3014108, at *3 (declining to appoint counsel where plaintiff asserted excessive force claims pursuant to § 1983 and quoting *Mena v. City of New York*, No. 12-CV-28, 2013 WL 1165554, at *2 (S.D.N.Y. Mar. 19, 2013)); *Fraquet*, 2025 WL 1808975, at *4 (rejecting application for appointment of counsel where plaintiff alleged violations of his rights under 42 U.S.C. § 1983); *Nova v. Martuscello*, No. 24-CV-1574, 2025 WL 1784825, at *2 (S.D.N.Y. June 27, 2025) (same).

Finally, Plaintiff has failed to allege special circumstances necessitating the appointment of counsel. Plaintiff claims he requires counsel because he has a "learning disability" that "mak[es] it hard for [him] to understand the law like someone without a learning disability will." (App. 1.) However, "[a]lthough a plaintiff's disability can support an application for counsel, here, Plaintiff does not detail the nature or extent of his disability." *Washington v. Morley*, No. 21-CV-7159, 2022 WL 1157459, at *2 (S.D.N.Y. Apr. 19, 2022) (quoting *Walters v. NYC Health Hosp. Corp.*, No. 02-CV-751, 2002 WL 31681600, at *2 (S.D.N.Y. Nov. 25, 2002)). Instead, "in the absence of any supporting medical evidence, [P]laintiff has not demonstrated that his [learning disability] presents a permanent hindrance to him prosecuting his case." *Id.* (internal quotation marks omitted); *see also Smolen v. Brown*, No. 18-CV-7621, 2022 WL 4134366, at *2 (S.D.N.Y. Sept. 12, 2022) (declining to appoint counsel where plaintiff had not "met his burden to demonstrate that his [disability] prevent[ed] him from effectively prosecuting his case"); *Ahmad v. White Plains City Sch. Distr.*, No. 18-CV-3416, 2020 WL 3972274, at * 3 (July 14, 2020) (same).

Although the Court holds submissions from pro se parties "to less stringent standards than formal pleadings drafted by lawyers" and provides such solicitude as "a function of their necessary inexpertness in the law," *Hayes v. Dep't of Educ.*, 20 F. Supp. 3d 438, 446 (S.D.N.Y. 2014) (quotation marks omitted), Plaintiff has not provided the Court with sufficient grounds to determine that appointment of counsel would be more likely to lead to a just determination in this case. Thus, for the foregoing reasons, and mindful that "[v]olunteer lawyer time is a precious commodity," *Cooper*, 877 F.2d at 172, Plaintiff's Application is denied without prejudice. Plaintiff may renew his request and provide the Court with additional information regarding any changed circumstances that would support a renewed application.

The Clerk of Court is respectfully directed to terminate the pending Applications, (*see* Dkt. Nos. 13, 21), and to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated:   July 9, 2025
         White Plains, New York

KENNETH M. KARAS
United States District Judge